UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MALCOLM ERIC WARD,

        Plaintiff,

v.                                              Case No. 6:21-cv-368-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

**OPINION AND ORDER**[1]

**I.  Status**

Malcolm Eric Ward ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "back problems," "Hemochromatosis," and "diabet[]es." Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed August 30, 2021, at 76, 85, 213; see also Tr. at 235. Plaintiff filed an application for DIB on April 2, 2018, alleging a disability onset date of January

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 8), filed June 4, 2021; Reference Order (Doc. No. 10), entered June 4, 2021.

1, 2004.[2] Tr. at 192-95. The application was denied initially, Tr. at 75-81, 82, 83, 94-96, and upon reconsideration, Tr. at 84-91, 92, 93, 100-05.

On December 17, 2019, an Administrative Law Judge ("ALJ") held a hearing during which Plaintiff, represented by counsel, and a vocational expert ("VE") testified. Tr. at 54-72; see Tr. at 73-74 (appointment of counsel documents). On December 24, 2019, the ALJ issued a Decision finding Plaintiff not disabled through December 31, 2009, the date Plaintiff was last insured for DIB. See Tr. at 39-48.

Thereafter, Plaintiff—through different counsel—sought review of the Decision by the Appeals Council. See Tr. at 23-24 (Appeals Council exhibit list and order), 191 (request for review), 33-35 (appointment of counsel documents). Plaintiff's counsel on April 6, 2020 requested an extension of time to submit additional medical records, Tr. at 277, which the Appeals Council granted on April 15, 2020, Tr. at 28-29. The record does not reflect submission of any additional medical records despite Plaintiff's counsel being afforded additional time. See Tr. at 23-24 (Appeals Council exhibit list and order). On August 25, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 20-22, thereby making the ALJ's Decision the final decision of the Commissioner.

---

[2]  Although actually completed on April 3, 2018, Tr. at 192, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as April 2, 2018. See, e.g., Tr. at 76, 85.

On February 23, 2021, Plaintiff commenced this action pro se under 42 U.S.C. § 405(g) by timely[3] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision. In the Complaint, Plaintiff alleges that his DIB claim was denied by the ALJ due to lack of medical evidence for the timeframe under consideration, that he has "extensive medical records of treatment from 1998 to 2021" but "[d]ue to ineffective use of counsel the records were wrongly never introduced into evidence against [his] interest." Id. at 3, 5. Attached to the Complaint are more than 700 pages of evidence—most of which not appearing in the administrative transcript—dating from 1998 through 2021. See id. at Exs. A-X (Doc. Nos. 1-8 through 1-31).

In accordance with the Court's Scheduling Order requiring submission of legal memoranda in support of the parties' respective positions, Plaintiff on January 28, 2022 filed an amended memorandum (Doc. No. 22; "Pl.'s Mem.").[4] Plaintiff raises whether the ALJ "fully and fairly developed the administrative record[.]" Pl.'s Mem. at 2. Plaintiff elaborates by "question[ing] whether ineffective use of counsel barred [Plaintiff] from properly defending his disability assertion by erroneously leaving out vital medical records for the

---

[3] The Appeals Council granted Plaintiff additional time to file a civil action. Tr. at 6-7.

[4] Plaintiff amended his original memorandum because the first one was not signed. See Pl.'s Mem. at 1. Citations to Plaintiff's amended memorandum follow the pagination assigned by the Court's electronic filing system.

Court to consider which the Court should have recognized [were] missing from the record." Id. Plaintiff alternatively requests a remand for the SSA to consider the records he submitted to this Court pursuant to sentence six of 42 U.S.C. § 405(g). Id. at 5-6. Defendant on March 11, 2022 filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") responding to Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, because Plaintiff was last insured for DIB on December 31, 2009 (the "DLI"), the ALJ's Decision focused on the timeframe of the alleged disability onset date of January 1, 2004 through December 31, 2009. The ALJ in the Decision followed the five-step sequential inquiry. See Tr. at 41-48. At step one, the ALJ determined Plaintiff "engaged in substantial gainful activity during the following period: From January 1, 2004 to December 21, 2004." Tr. at 41 (emphasis and citation omitted). The ALJ continued at step one: "[Plaintiff] did not engage in substantial gainful activity from January 1, 2005, to his [DLI]." Tr. at 42. The ALJ's remaining findings concerned the period from January 1, 2005 through December 31, 2009. Tr. at 42.

At step two, the ALJ found, through the DLI, that Plaintiff "had the following severe impairment: hemochromatosis." Tr. at 42 (emphasis and citation omitted). At step three, the ALJ ascertained through the DLI that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 42 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") "to perform the full range of light work as defined in 20 [C.F.R. §]

404.1567(b)" through the DLI. Tr. at 44 (emphasis omitted). At step four, the ALJ found through the DLI that Plaintiff "was capable of performing past relevant work as a Wholesale Auto Salesperson." Tr. at 47 (some emphasis and citation omitted). The ALJ made an alternative finding at the fifth step of the sequential inquiry that "there were a significant number of jobs at the light exertional level available to [Plaintiff]." Tr. at 48. The ALJ concluded Plaintiff "was not under a disability . . . at any time from January 1, 2004, the alleged onset date, through December 31, 2009, the [DLI]." Tr. at 48 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A. Duty to Develop the Record

Plaintiff contends the ALJ abrogated his duty to develop a full and fair record, resulting in clear evidentiary gaps and causing Plaintiff to be prejudiced. Pl.'s Mem. at 2-4. Defendant, responding, argues the ALJ developed the record fully and fairly, and Plaintiff has not shown prejudice. Def.'s Mem. at 4-7.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into,

inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)).

If "the record reveals evidentiary gaps which result in unfairness or clear prejudice," then remand is appropriate. Henry, 802 F.3d at 1267 (quoting Brown, 44 F.3d at 935). But, when a claimant's counsel represents that the record is complete, "any alleged error the ALJ may have made in not obtaining more recent medical records [is] invited." Larry v. Comm'r of Soc. Sec., 506 F. App'x 967, 969 (11th Cir. 2013) (citation omitted).

Here, importantly, for Plaintiff to be entitled to DIB benefits, he had to show he was disabled before his DLI of December 31, 2009. Plaintiff did not file for DIB until April 2018, more than eight years after his DLI. Integral to Plaintiff's claim would be medical evidence showing his impairments and their effect on Plaintiff's ability to work between the alleged disability onset date of January 1, 2004 and the DLI of December 31, 2009.[6]

---

[6] To the extent Plaintiff alleges error on the part of the ALJ for "fail[ing] to discuss the possibility of [Plantiff's] impairments worsening over time," Pl.'s Mem. at 5, the ALJ did not err in this regard. Because the ALJ found that Plaintiff was not disabled at any point through his DLI, any worsening of Plaintiff's conditions past his DLI was irrelevant to his claim for DIB.

Plaintiff's counsel filed a pre-hearing memorandum acknowledging the alleged onset date and the DLI. Tr. at 273. In the memorandum, counsel requested the ALJ's assistance obtaining medical evidence from various providers dating back only to 2018. Tr. at 274. Counsel represented that Plaintiff reviewed and confirmed the list of evidence needed. Tr. at 274.

At Plaintiff's hearing, the ALJ asked counsel, "Do you have any new exhibits [INAUDIBLE] like to offer into evidence or do you consider the record complete?" Tr. at 57. Counsel responded, "Yes, Your Honor, I was just handed some records from 1998 that I'd like to submit." Tr. at 57. The ALJ permitted counsel to submit the records, and the ALJ commented that they were "going to be critical." Tr. at 57. The ALJ later stated:

> All right, Counsel, I saw your prehearing brief. The problem I had with that was I had no medical evidence. The earliest records I have are from 2013, and we've got a, an alleged onset date going back to 2004, and we've got a [DLI] of 2009. So the records that are before me are, are relevant to determine whether or not he still is disabled if I were to find him disabled but before I get to those records, I need to establish disability in the first place. Obviously you brought with you some records from 1998 that I will consider . . . .

Tr. at 59. At the end of the hearing, The ALJ asked Plaintiff's counsel, "anything in closing?" Tr. at 71. Counsel responded, "No, Your Honor." Tr. at 71. The ALJ closed by stating, "All right, I look forward to seeing those records, Counsel" (presumably referring to the records that were submitted during the hearing),

- 9 -

and he assured Plaintiff he would issue a decision "as soon as I have the chance to look at the records your attorney brought in today[.]" Tr. at 72.

The 1998 records were exhibited and made part of the administrative transcript. See Tr. at 559-70. However, despite the ALJ pointing out during the hearing the problem with only having records from 2013 forward, Plaintiff's counsel did not move to submit any other records. The ALJ then issued the Decision, finding in part Plaintiff's allegations of how his impairments affected him during the relevant time period under consideration were not substantiated with medical and other evidence. See Tr. at 47.

The ALJ did not err with respect to his duty to develop a full and fair record. Plaintiff's own pre-hearing memorandum recognized the relevant time period to be considered, and despite requesting assistance in obtaining some medical evidence, did not request any assistance in obtaining any records pre-dating 2018. At the hearing, the ALJ squarely put Plaintiff and his counsel on notice that there was a problem with the lack of evidence during the relevant time period. The ALJ allowed submission of the 1998 records, and the ALJ brought up the 1998 records at the end of the hearing. The ALJ gave counsel the opportunity to say "anything in closing," and counsel declined to address the evidentiary gap or request to submit more evidence or seek the ALJ's assistance in obtaining evidence. Under the circumstances, the ALJ did not err. And, even if he did, the error was invited because counsel gave the impression

that the 1998 records were the only ones he was going to submit. See Larry, 506 F. App'x at 969 (citation omitted).

**B. Sentence Six Remand**

Plaintiff makes an alternative argument that the Court should consider the medical evidence attached to his Complaint and remand the matter pursuant to sentence six of 42 U.S.C. § 405(g). See Pl.'s Mem. at 5-6. According to Plaintiff, the evidence is new, material, and there is good cause for Plaintiff's failure to submit it at the administrative level. Id. at 6. As to the good cause requirement, Plaintiff argues that "[t]he global Coronavirus pandemic substantially interfered with the timely access to [his] medical records." Id. Plaintiff also contends that his counsel failed to file an "extension, . . . which was further out of [Plaintiff's] control and to his detriment." Id.[7]

Under sentence six of 42 U.S.C. § 405(g), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." "[A] sentence six remand is available when

---

[7] At times throughout his memorandum, Plaintiff contends his counsel was "ineffective." To the extent Plaintiff is alleging ineffective assistance of counsel, the claim fails. See, e.g., Cornett v. Astrue, 261 F. App'x 644, 651 (5th Cir. 2008) (rejecting an ineffective assistance of counsel claim in a social security disability appeal because it "does not rise to the level of a constitutional violation" and stating, "The Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings") (citation omitted).

evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram, 496 F.3d at 1267. If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. Id. at 1268 (quotation and citation omitted). To meet the showing required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder, 791 F.2d at 877 (quotation and citation omitted); see also, e.g., Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985).

Here, following the ALJ's Decision, and contrary to Plaintiff's contention on appeal, Plaintiff's counsel on April 6, 2020 moved the Appeals Council for "an extension for the submission for [additional] medical records[.]" Tr. at 277. Counsel stated that Plaintiff "requested" the records "several weeks ago" and Plaintiff was being assisted by a local social security office in obtaining them. Tr. at 277. Counsel also stated that they would be received "very shortly." Tr. at 277.

The Appeals Council on April 15, 2020 granted Plaintiff's counsel's request for additional time before it acted on Plaintiff's case. Tr. at 28. It advised Plaintiff, "If you have more information, you must send it to us within 25 days

of the date of this letter. We will not allow more time to send information except for very good reasons." Tr. at 28. Despite the additional time, no other evidence was submitted before the Appeals Council denied review on August 25, 2020, more than four months after the extension of time was granted.

Plaintiff has not established good cause for his failure to submit the additional evidence at the administrative level. Plaintiff contends the pandemic precluded him from timely obtaining records, but the Appeals Council granted Plaintiff an extension for that proffered reason. Despite being advised that the Appeals Council would not accept evidence past the deadline set without a good reason, Plaintiff never submitted the evidence and never asked for another extension of time to obtain it. And, it goes without saying that the relevant evidence—i.e. the evidence dated from 2004-2009—existed long before the ALJ issued the Decision and long before the Appeals Council denied review. The ALJ put Plaintiff and his counsel on notice at the hearing that the large evidentiary gap made it difficult to determine whether Plaintiff was disabled from 2004-2009 (almost a decade prior to the ALJ's hearing). Yet, Plaintiff allowed the ALJ to issue an unfavorable decision before even advising the SSA that he was attempting to gather additional records. Under the circumstances, the Court cannot find good cause. See, e.g., Chapman v. Comm'r of Soc. Sec., 709 F. App'x 992, 996-97 (11th Cir. 2017) (no good cause for failing to submit evidence to Appeals Council when "the evidence existed but was not submitted to the

Appeals Council before the deadline"); Enix v. Comm'r of Soc. Sec., 461 F. App'x 861, 863 (11th Cir. 2012) (no good cause when there was not a good reason proffered for failing to submit documents to the Appeals Council when the administrative appeal was pending). A sentence six remand, therefore, is not warranted.

## V. Conclusion

The ALJ did not err with respect to his duty to fully and fairly develop the record, and remand is not warranted under sentence six of 42 U.S.C. § 405(g). In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 23, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record
Pro Se parties